**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Feb 15, 2019

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**OK FOODS, INC.**                                                                                  **PLAINTIFF**

vs.                                  Case No. 19-2031

**CONTINENTAL CARBONIC PRODUCTS, INC.**                     **DEFENDANT**

## COMPLAINT

Comes now, Plaintiff OK Foods, Inc., by and through its counsel, and for its Complaint against the Defendant Continental Carbonic Products, Inc., states as follows, to-wit:

### Parties, Jurisdiction, and Venue

1. This lawsuit arises out of the Defendant's breach of contract and failure to deliver conforming goods that it sold and delivered to OK Foods, Inc., both of which proximately caused damages in an amount in excess of federal diversity jurisdiction requirements.

2. Plaintiff OK Foods, Inc. ("OKF") is an Arkansas corporation and citizen of the State of Arkansas with its principal place of business in Fort Smith, Sebastian County, Arkansas. OK Foods was founded more than eighty (80) years ago and is a fully integrated poultry producer providing food products to people in Arkansas and around the world.

3. Defendant Continental Carbonic Products, Inc. is an Illinois corporation and citizen of the State of Illinois with its principal place of business in Decatur, Illinois.

4. There is complete diversity of citizenship between the parties who are citizens of different states. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. Defendant specializes in the manufacture and distribution of dry ice and liquid carbon dioxide, and is authorized to and does business in the State of Arkansas, including but not limited to Fort Smith, Sebastian County, Arkansas. Specifically, Defendant at all relevant times operates a production plant located at 5309 Jenny Lind Road, Fort Smith, Arkansas and delivers its products within the State of Arkansas, including to OKF in the State of Arkansas.

6. The forum state's long arm statute confers personal jurisdiction to the limits of constitutional due process and the exercise of jurisdiction would not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Defendant has sufficient, purposeful, meaningful, and continuous minimum contacts with the State of Arkansas to such an extent so as to vest this Court with personal jurisdiction over the Defendant. *See*, Ark. Code Ann. § 16-4-101; Fed. R. Civ. P. 4(k).

7. A substantial part of the events or omission giving rise to the asserted claims occurred within the Western District of Arkansas and is where a substantial part of property that is subject of the action is situated. Venue is proper in this Court. 28 U.S.C. § 1391.

**Facts**

8. Defendant is a manufacturer and supplier of dry ice products ("Product") and was at all relevant times.

9. On April 16, 2018, OKF and Defendant entered into a written Dry Ice Agreement (Agreement) whereby OKF agreed to purchase food grade and conforming dry ice products from Defendant as needed for OKF's operations at its production plants in Arkansas, Oklahoma, and Alabama.  *See*, Ex. A, Dry Ice Agreement (pricing information redacted) adopted and incorporated by reference.

10. OKF purchased Defendant's Product for use in and furtherance of its poultry processing operations, including operations at its plant facilities located at 4201 Reed Lane in Fort Smith, Arkansas and 100 North Wilson Road in Muldrow, Oklahoma.

11. Defendant knew or reasonably should have known that at all relevant times the purpose for which OKF intended to and actually did use the Product related to processing of and preparing consumable poultry products for public consumption.

12. OKF utilized Defendant's Product in connection with its poultry processing operations at all relevant times.

13. OKF complied with the terms of the Agreement.

14. On or about September 5, 2018 an OKF customer reported finding foreign material appearing to be of a dark or black plastic type consistency (foreign material) on OKF processed and prepared poultry breast meat.  OKF swiftly notified the USDA and Defendant of a report of foreign material in its food product.

15. OKF diligently worked to identify, contain, and eliminate the source of the reported foreign material, including commencing a product trace and placing holds on certain poultry products upon receiving the report of foreign material.

16. OKF initially placed a hold on approximately 368,762 pounds of poultry product as a precautionary measure while it worked at various plant locations to identify and eliminate as necessary from production and storage any poultry meat containing the foreign material.

17. Based upon efforts to identify and eliminate the source of the reported foreign material, OKF determined that Defendant's Product was the sole source of the foreign material on its finished poultry products. This conclusion is based, in part, upon Defendant's admission that its Product contains or is accompanied by a wear band, and that a defective or deteriorated wear band(s) material was the source of the foreign material on and inside OKF's food products.

18. Defendant's contaminated and nonconforming Product sold to and utilized by OKF rendered poultry products inconsumable and noncompliant with United States Department of Agriculture (USDA) regulations and other applicable law.

19. Upon information and belief, Defendant knew of a prior occurrence or occurrences relating to wear band failure and foreign substances in its Product sold to other customers that occurred prior to September 5, 2018. Defendant did not disclose this information to OKF before the preceding date or the date of the Agreement.

20. As the result of OKF utilizing Defendant's contaminated Product and to ensure only consumable food products are later sold, OKF condemned a total of 303,251

pounds of poultry product due to the presence of the foreign material and as a direct result of Defendant's contaminated Product. This food condemnation included five (5) Lot numbers of poultry product that contained the foreign material based upon visual inspection.

21. Defendant warranted that the product sold to OKF "shall be of standard commercial quality." The Defendant's Product was nonconforming to industry standards upon delivery to OKF and was the sole source of the foreign material on the condemned food products.

22. OKF incurred as a direct and proximate result of Defendant's contaminated Product an unreimbursed loss of no less than $516,740.33 to condemn, store, and dispose of its poultry products.

23. Defendant refuses to reimburse OKF for the substantial financial loss despite repeated demands for reimbursement. Defendant is contractually obligated to indemnify and hold OKF harmless for the referenced loss and as required pursuant to applicable law.

## COUNT I—BREACH OF CONTRACT

24. OKF incorporates and asserts all allegations of the preceding paragraphs of the Complaint.

25. OKF and Defendant entered into a contract. *See*, Ex. A.

26. The contract required Defendant to deliver a Product that was of standard commercial quality or that was otherwise free of any foreign substance or contaminant.

27. The Agreement also requires that the Defendant shall:

> Defend, indemnify, and hold harmless [OKF], its subsidiary, and affiliate companies…from and against any and all claims, actions, causes of action, losses, and damages (including court costs and reasonable attorneys' fees) (collectively "Losses") caused by: (i) [Defendant's] failure to produce Products that strictly conform to the Specifications; (ii) [Defendant's] breach or violation of any obligation, duty, requirement, or warranty under this Agreement; or (iii) [Defendant's] violation of any U.S., state, or local law, rule or regulation in the performance of its duties under this Agreement."

*Id* at ¶ 17(a).

28. Defendant breached its obligation to fully indemnify despite repeated demands.

29. OKF did what the contract required of it.

30. Defendant did not do what the contract required of it as set forth herein.

31. OKF suffered damages from the failure of the Product, including but not limited to the cost to condemnation, storage, and disposal, as described above, in an amount in excess of the amount necessary for federal diversity jurisdiction, to be proven at trial ("OKF Damages").

32. Defendant's Product was the proximate cause of OKF Damages.

33. OKF is entitled to all compensatory, special, and consequential damages flowing from Defendant's breach related to the Product. Ark. Code Ann. § 4-2-715.

34. OKF is entitled to costs.

35. OKF is entitled to attorney's fees. Ark. Code Ann. § 16-22-308.

## COUNT II – BREACH OF EXPRESS WARRANTIES

36. OKF incorporates and asserts all allegations of the preceding paragraphs of the Complaint.

37. Defendant affirmed and promised to OKF that it could use the Product in connection with processing and preparing consumable poultry food products.

38. Defendant's affirmations, warranties, and promises were included as part of the basis of the bargain with its contract with OKF, including but not limited to, Defendant's warranty "that the Product sold hereunder shall be of standard commercial quality." *See*, Ex. A, ¶ 8. OKF did what the contract required of it to claim the warranties.

39. Defendant's Product sold and supplied to OKF did not conform to all affirmations, warranties, and promises about its permitted use nor was it standard commercial quality.

40. Defendant failed to warn OKF that its Product does not conform to all affirmations and promises about its permitted use or that it was not standard commercial quality.

41. Defendant breached its affirmations, warranties, and promises by manufacturing, marketing, selling, and placing into the stream of commerce a Product that contaminated certain poultry food products.

42. OKF notified Defendant that its Product did not conform to the affirmations and promises Defendant made within a reasonable time.

43. OKF is a buyer that Defendant might reasonably expect would use the Product and be affected by the Product.

44. OKF suffered damages from the failure of the Product, including but not limited to the cost of goods, cost of condemnation, storage, and disposal, as described above, in an amount in excess of the amount necessary for federal diversity jurisdiction, to be proven at trial ("OKF Damages").

45. Defendant's Product was the proximate cause of OKF Damages.

46. OKF is entitled to all compensatory, special, and consequential damages flowing from Defendant's breach related to the Product. Ark. Code Ann. § 4-2-715.

47. OKF is entitled to costs.

48. OKF is entitled to attorney's fees. Ark. Code Ann. § 16-22-308

**COUNT III — BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE**

49. OKF incorporates and asserts all allegations of the preceding paragraphs of the Complaint.

50. OKF purchased the Product for the particular purpose of cooling poultry products in connecting with its further process and preparation work without contaminating or otherwise causing a foreign substance to be placed on or within its poultry products.

51. At all times relevant to the Complaint, Defendant knew or should have known that buyers like OKF would rely on Defendant's skill to furnish the Product for use in connection with its poultry process and preparation applications without contaminating or otherwise causing a foreign substance to be placed on or within its poultry products.

52. Defendant reasonably expected that OKF would use and be affected by the Product.

53. The Product was not merchantable and fit for the purpose of utilization in OKF's poultry processes and preparation applications without contaminating or otherwise causing a foreign substance to be placed on or within its poultry products.

54. Defendant did not lawfully disclaim implied warranties in the Agreement or otherwise.  Ark. Code Ann. § 4-2-316(2).

55. Defendant manufactured, marketed, sold, and placed into the stream of commerce the Product that contaminated or otherwise caused a foreign substance to be placed on or within OKF's poultry products.

56. Defendant did not warn OKF that the Product would not conform to all implied warranties.

57. OKF suffered damages from the failure of the Product, resulting in property damage, as described above, in an amount in excess of the amount necessary for federal diversity jurisdiction, to be proven at trial ("OKF Damages").

58. Defendant's Product was the proximate cause of all OKF Damages.

59. OKF notified Defendant that the Product did not conform to the purpose for which Defendant manufactured, marketed, sold, and placed it into the stream of commerce within a reasonable time.

60. Defendant might reasonably expect that OKF would use and be affected by the Product.

61. OKF is entitled to all compensatory, special, and consequential damages flowing from Defendant's breach related to the Product. Ark. Code Ann. § 4-2-715.

62. OKF is entitled to costs.

63. OKF is entitled to attorney's fees. Ark. Code Ann. § 16-22-308

### COUNT IV – STRICT LIABILITY

64. OKF incorporates and asserts all allegations of the preceding paragraphs of the Complaint.

65. At all times relevant to the Complaint, Defendant was in the business of manufacturing, selling, and otherwise distributing the Product.

66. Defendant supplied the Product in a defective condition that rendered it unreasonably dangerous, including but not limited to the fact that the Product was composed of a foreign material or materials that adhered to poultry products and rendered them inconsumable.

67. OKF suffered damages, including but not limited to the cost of goods, condemnation of the product, storage, and disposal resulting in property damage, as described above, in an amount in excess of the amount necessary for federal diversity jurisdiction, to be proven at trial ("OKF Damages").

68. The Product's defective condition was the proximate cause of all OKF Damages.

69. OKF is entitled to all compensatory, special, and consequential damages flowing from Defendant's supplying of the Product.

70. OKF is entitled to costs.

## COUNT V – PRODUCT LIABILITY; NEGLIGENCE

71. OKF incorporates and asserts all allegations of the preceding paragraphs of the Complaint.

72. Defendant owed a duty to use ordinary care in its design, selection of materials to use, inspection, testing, marketing, packaging, and labeling of the Product to OKF.

73. Defendant owed a duty to OKF to warn of the dangers inherent in the Product.

74. Defendant owed a duty to give reasonable and adequate instructions with respect to the Product and its safe use to OKF.

75. Defendant breached each and every one of its duties owed to OKF by placing the Product into the stream of commerce as a safe application for use in connection with food processing without use of ordinary care, warning, or instruction that the Product contained a foreign material rendering food products inconsumable.

76. OKF suffered damages, including but not limited to the cost of goods, condemnation of the product, storage, and disposal resulting in property damage, as described above, in an amount in excess of the amount necessary for federal diversity jurisdiction, to be proven at trial ("OKF Damages").

77. Defendant's negligence was the proximate cause of all OKF Damages.

78. OKF is entitled to all compensatory, special, and consequential damages flowing from Defendant's negligence.

## COUNT VI — UNJUST ENRICHMENT

79. OKF incorporates and asserts all allegations in the preceding paragraphs of the Complaint.

80. OKF paid the Defendant for the Product and therefore it received something of value.

81. Defendant is not entitled to payment for the Product.

82. Defendant is unjustly enriched by virtue of OKF's payment for the Product and Defendant must pay restitution in a commensurate amount.

83. OKF is entitled to costs.

84. OKF demands a jury trial on all issues so triable on all counts.

85. OKF reserves the right to amend its Complaint and plead further herein pending appropriate investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, OK Foods, Inc., prays that it have and recover judgment against the Defendant, Continental Carbonic Products, Inc., in an amount in excess of that required for federal diversity jurisdiction, pre-judgment interest, post judgment interest, costs, a reasonable attorney's fee, and for all other relief to which it lawfully may be entitled.

Respectfully submitted,

**KUTAK ROCK, LLP**

By: */s/ J.R. Carroll*
    J.R. Carroll (Ark. Bar No. 2003149)
    Dale W. Brown (Ark. Bar No. 2004121)
    234 E. Millsap Road, Suite 200
    Fayetteville, Arkansas 72703
    479-973-4200 phone
    479-973-0007 fax
    jr.carroll@kutakrock.com
    dale.brown@kutakrock.com