UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| OK FOODS, INC. | PLAINTIFF |
| v. | No. 2:19-CV-02031 |
| CONTINENTAL CARBONIC PRODUCTS, INC. | DEFENDANT/THIRD-PARTY PLAINTIFF |
| v. | |
| AES SHADY POINT LLC | THIRD-PARTY DEFENDANT |

# ORDER

Subject matter jurisdiction in this Court is premised on 28 U.S.C. § 1332, which requires complete diversity of citizenship among parties. Plaintiff OK Foods, Inc. ("OK Foods") is an Arkansas corporation with its principal place of business in Arkansas. It is a citizen of the State of Arkansas. 28 U.S.C. § 1332(c)(1). Defendant Continental Carbonic Products, Inc. ("CCPI") is an Illinois corporation with its principal place of business in Illinois. It is a citizen of the State of Illinois. *Id*. On March 13, 2019, CCPI denied that there is a sufficient amount in controversy for this Court to exercise subject matter jurisdiction. (Doc. 10, ¶ 4). On March 25, 2019, however, CCPI filed a third-party complaint (Doc. 19) invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332, alleging that a sufficient amount is in controversy, and impleading AES Shady Point LLC ("AES/SP") as a third-party Defendant to this lawsuit pursuant to Federal Rule of Civil Procedure 14.

Rule 14 only sets out the procedure for impleading a third party. It does not independently confer subject matter jurisdiction on this Court. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). CCPI's third-party complaint relies on 28 U.S.C. § 1332 to

1

invoke this Court's subject matter jurisdiction, so CCPI must allege sufficient facts to show complete diversity of citizenship between it and AES/SP. It has not done so. CCPI alleges that AES/SP is a Delaware limited liability company located in Panama, Oklahoma. (Doc. 19, p. 1, ¶ 2). CCPI further alleges that "AES/SP is an indirect wholly owned subsidiary of The AES Corporation, a public corporation organized under Delaware law with its headquarters located in Arlington, Virginia." *Id*.

Because AES/SP is a limited liability company, its location is immaterial to its citizenship. In order to properly plead the citizenship of an LLC or other unincorporated entity, a party must plead the citizenship of each member. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Citizenship of such entities must be traced "down the various organizational layers where necessary." *See Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also OnePoint Solutions*, 486 F.3d at 346 (in analyzing diversity jurisdiction, identifying the citizenship of each of the individual corporate members of the LLC plaintiff). Citizenship of the members should be pleaded with specificity and not in a conclusory or negative fashion. *See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 63-64 (9th Cir. 2011) (unpublished) (ordering district court to vacate all orders and remand to state court after raising jurisdictional deficiencies sua sponte on appeal and finding that an allegation stating that no member of an LLC "is an Oregon citizen" without identifying actual state(s) of citizenship or whether members are composed of another layer of business entities is insufficient to establish complete diversity); *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568-69 (11th Cir. 1984) (rejecting allegation of citizenship in the negative and remanding case for removing party to "amend its removal petition to state unequivocally" that diversity jurisdiction existed).

Congress has provided that "[d]efective allegations of jurisdiction may be amended, upon

terms, in the trial or appellate courts." 28 U.S.C. § 1653. CCPI is ordered to file an amended third-party complaint by May 10, 2019 alleging facts that demonstrate diversity exists,[1] or invoking some alternative basis for this Court's subject matter jurisdiction over the third-party complaint. Given the inconsistency of CCPI's denial in its answer that a sufficient amount is in controversy (Doc. 10, p. 2, ¶ 4) and its allegation in its third-party complaint that a sufficient amount is in controversy (Doc. 19, p. 2, ¶ 3), and in light of the requirements of Federal Rule of Civil Procedure 11(b), CCPI must also clarify which of those two claims, defenses, or other legal contentions it believes is warranted after a reasonable inquiry under the circumstances into the amount in controversy by amending its third-party complaint and/or filing an amended answer, as necessary.

IT IS SO ORDERED this 2nd day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] The Court notes that a related matter has been removed to the United States District Court for the Eastern District of Oklahoma and CCPI has filed a motion to transfer that matter to this Court. *AES Shady Point, LLC v. Continental Carbonic Products, Inc.*, 6:19-CV-00132, Doc. 6 (Apr. 30, 2019). The Court takes no position on whether transfer of venue is proper, but to proactively address any jurisdictional issues that will arise should transfer of venue occur, CCPI's amended third-party complaint should allege AES/SP's citizenship at the time the Oklahoma action was filed, at the time this action was filed, and at the time the Oklahoma action was removed. *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (remanding case that had been tried to a jury, for determination of whether jurisdiction existed, holding that "[f]or a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court.").